Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
8991 W Flamingo Rd., Suite B
Las Vegas, Nevada 89147
Telephone: 702-420-2001

*Attorneys for Defendant*
*Craig Petty*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MESIKA MAGIC, a California corporation, YIGAL MESIKA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PENGUIN MAGIC, INC., a Nevada corporation, CRAIG PETTY, a resident of the United Kingdom, DOES 1-10, inclusive,<br>Defendants. | Case No. 2:25-cv-07943-MWF-MBK<br><br>**DEFENDANT CRAIG PETTY'S MOTION FOR COSTS AND ATTORNEYS' FEES**<br><br>Hearing Date: October 7, 2026<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5A, 5th Floor |

**TO: THE PARTIES AND THEIR RESPECTIVE COUNSEL:**

PLEASE TAKE NOTICE that on October 7, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5A, 5th Floor before the Honorable Michael W. Fitzgerald, located in the United States District Court, Central District of California, at 350 West 1st Street, Los Angeles, CA 90012,



RANDAZZA | LEGAL GROUP

Defendant Craig Petty respectfully moves this Court for an award of Costs and Attorneys' Fees under Fed. R. Civ. P. 54 (d)(2) and Cal. Code Civ. Proc. § 425.16 (c)(1). Petty also seeks taxable costs in a separate application under L.R. 54-2.1.

The Court granted Petty's Motion to Dismiss Under Fed. R. Civ. P. 12 (b)(6) and for Relief Under Cal. Code Civ. Proc. § 425.16 (ECF No. 50) (the "Anti-SLAPP Motion") **in its entirety** as to Plaintiff Mesika Magic, and **in substantial par**t as to Plaintiff Yigal Mesika. Petty is thus entitled to a mandatory award of costs and attorneys' fees under Cal. Code Civ. Proc. § 425.16 (c)(1).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon any oral argument made by counsel during the hearing on this Motion.

RANDAZZA | LEGAL GROUP

**STATEMENT OF LOCAL RULE 7-3 COMPLIANCE**

Pursuant to Local Rule 7-3, counsel for Defendant Craig Petty met and conferred telephonically with counsel for Plaintiffs regarding this Motion on August 19, 2026. Counsel for Plaintiffs stated that Plaintiffs will oppose the motion. The parties were not able to resolve any of the issues presented in this motion. Petty and his counsel certify that they have met and conferred in good faith in an effort to resolve the present dispute without the need for judicial intervention.

Dated: August 28, 2026.

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Marc J. Randazza

Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W Flamingo Rd., Suite B
Las Vegas, NV 89147

*Attorneys for Defendant Craig Petty*

RANDAZZA | LEGAL GROUP

# TABLE OF CONTENTS

1.0 INTRODUCTION AND FACTUAL BACKGROUND ............................ 1

2.0 LEGAL STANDARD ............................ 2

3.0 ARGUMENT ............................ 3

3.1 Attorneys' Fees Are Mandatory ............................ 3

3.2 The Attorneys' Fees Petty Incurred are Reasonable ............................ 7

3.2.1 The hourly rates of Petty's attorneys are reasonable ............................ 9

3.2.1.1 Experience of Petty's Attorneys ............................ 9

3.2.1.2 Rates in Other Cases ............................ 12

3.2.2 The number of hours worked is reasonable ............................ 16

4.0 CONCLUSION ............................ 19

# TABLE OF AUTHORITIES

## CASES

*Abittan v. Hansen L. Firm, P.C.*,
2026 U.S. Dist. LEXIS 98355 (N.D. Cal. May 4, 2026) ........................................ 7

*AK Futures LLC v. Smoke Tokes, LLC*,
2022 U.S. Dist. LEXIS 151207 (C.D. Cal. Jan. 13, 2022) ................................ 16

*Bringmann v. Shakeshaft*,
2026 U.S. Dist. LEXIS 114573 (C.D. Cal. Apr. 13, 2026) ................................ 2

*Christian Research Inst. v. Alnor*,
165 Cal. App. 4th 1315 (2008) ........................................................................ 4

*Clifford v. Trump*,
2018 U.S. Dist. LEXIS 211297 (C.D. Cal. Dec. 11, 2018) ................................ 4

*Dickey v. Advanced Micro Devices, Inc.*,
2020 U.S. Dist. LEXIS 30440 (N.D. Cal. Feb. 21, 2020) ................................ 16

*Ekorus, Inc. v. Elohim Epf United States*,
2020 U.S. Dist. LEXIS 122847 (C.D. Cal. June 3, 2020) ................................ 4

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) ........................................................................ 2

*Griffin v. Strauss*,
2024 U.S. Dist. LEXIS 28104 (C.D. Cal. Jan. 3, 2024) ................................ 5, 15

*Guo v. Cheng*,
No. A-18-779172-C (Eighth Jud. Dist. Ct., June 5, 2020) ........................... 12, 13

*Harman v. City and County of San Francisco*,
136 Cal. App. 4th 1279 (Cal. App. 1st Dist. 2006) ........................................ 16

*Herring Networks, Inc. Maddow*,
2021 U.S. Dist. LEXIS 23163 (S.D. Cal. Feb. 5, 2021) .................................... 15

*Hope Med. Enterprises, Inc. v. Fagron Compounding Serv., LLC*,
2022 U.S. Dist. LEXIS 49151 (C.D. Cal. Mar. 14, 2022) ................................ 16

RANDAZZA | LEGAL GROUP

*iQTAXX, LLC v. Boling*,
No. A-15-728426-C, 2016 BL 154334 (Nev. Dist. Ct. May 10, 2016)............13

*Ketchum v. Moses*,
24 Cal. 4th 1122 (2001)............2, 3, 19

*Las Vegas Resort Holdings, LLC v. Roeben*,
No. A-20-819171-C (Eighth Jud. Dist. Ct., Dec. 30, 2020)............13

*Lazer v. Williams*,
No. A-19-797156-C (Nev. Dist. Ct. Feb. 17, 2022)............13

*Mann v. Quality Old Time Serv., Inc.*,
139 Cal. App. 4th 328 (Ct. App. 2006)............5

*Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*,
655 F.3d 1171 (9th Cir. 2011)............3, 4

*McElwaine v. U.S. West, Inc.*,
176 F.3d 1167 (9th Cir. 1999)............3

*Melnyk v. Robledo*,
64 Cal. App. 3d 618 (Cal. App. 2d Dist. 1976)............8

*Metabolife Int'l, Inc. v. Wornick*,
213 F. Supp. 2d 1220 (S.D. Cal. 2002)............6

*Minjie Zheng v. Internet Corp. for Assigned Names & Nos.*,
813 F. Supp. 3d 1135 (C.D. Cal. 2025)............15

*Mogan v. Sacks, Ricketts & Case LLP*,
2022 U.S. Dist. LEXIS 83681 (N.D. Cal. May 9, 2022)............15

*Mogan v. Sacks, Ricketts & Case LLP*,
2023 U.S. App. LEXIS 9165 (9th Cir. Apr. 18, 2023)............15

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008)............3

*N.T.A.A. (No Talk Action), Inc. v. Nordstrom, Inc.*,
2024 U.S. Dist. LEXIS 72914 (C.D. Cal. Apr. 19, 2024)............15



RANDAZZA | LEGAL GROUP

*Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641 (Cal. App. 2d Dist. 2012) ....................7

*Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) ....................16

*Open Source Sec., Inc. v. Perens*, 2018 U.S. Dist. LEXIS 98169 (N.D. Cal. June 9, 2018)....................7

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 560 (2008) ....................17

*Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588 (N.D. Cal. Nov. 4, 2020)....................16

*Scripsamerica, Inc. v. Ironridge Global LLC*, 2016 U.S. Dist. LEXIS 203010 (C.D. Cal. Jan. 12, 2016) ....................16

*Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691 (Cal. App. 1st Dist. 2014) ....................7

*Tobinick v. Novella*, 207 F. Supp. 3d 1332 (S.D. Fla. 2016) ....................14

*Tracy Anderson Mind & Body, LLC v. Roup*, 2023 U.S. Dist. LEXIS 189055 (C.D. Cal. Sept. 11, 2023) ....................15

*Vella v. Hudgins*, 151 Cal. App. 3d 515 (Cal. App. 2d Dist. 1984) ....................8

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15 (2006) ....................4

*Wynn v. Chanos*, 2015 U.S. Dist. LEXIS 80062 (N.D. Cal. June 19, 2015)....................14

**STATUTES**

Cal. Code Civ. Proc. § 425.16....................2, 3



RANDAZZA | LEGAL GROUP

**OTHER AUTHORITIES**

Marc J. Randazza, "Freedom of Expression and Morality-Based Impediments to the Enforcement of Intellectual Property Rights," 16 Nev. L.J., 107 (Jan. 15, 2016) ....... 11

Marc Randazza, "Nevada's Anti-SLAPP Law Update," NEVADA LAWYER (Sept. 2016) ....... 10

Marc Randazza, "Nevada's New Anti-SLAPP Law: The Silver State Sets the Gold Standard," NEVADA LAWYER (Oct. 2013) ....... 10

Minutes of Assembly Committee on Judiciary Hearing on SB 444 (April 24, 2015) ....... 10

Senate Committee on Judiciary Hearing on Nev. SB 286 (May 6, 2013) ....... 10

Spencer Cornelia, "I'm Being Sued By a Fake Guru for $2 MILLION," YOUTUBE (May 15, 2023) ....... 12

**RULES**

Fed. R. Civ. P. 12 ....... 2, 18

Fed. R. Civ. P. 56 ....... 18



RANDAZZA | LEGAL GROUP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.0 INTRODUCTION AND FACTUAL BACKGROUND

The Court is well aware of the factual background of this case, having reviewed three versions of Plaintiffs' Complaint and deciding a prior anti-SLAPP motion filed by Defendant Penguin Magic, Inc. (ECF No. 42). In short, Plaintiffs are prominent figures within the global magic community who sued Petty based on a lengthy YouTube video he published (along with a few shorter follow-up videos) criticizing Yigal Mesika. After Plaintiffs filed their Second Amended Complaint, asserting eight causes of action against Petty for libel, trade libel, misappropriation of likeness, false light, violations of California's Unfair Trade Practices Act, and declaratory relief (ECF No. 43), Petty filed his Anti-SLAPP Motion (ECF No. 50). The Court granted that Motion in substantial part on August 4, 2026 (ECF No. 68).

Specifically, the Court dismissed all claims asserted by Mesika Magic against Petty with prejudice. *Id.* at 10–11. The Court dismissed 5 of Yigal Mesika's claims against Petty with prejudice (*id.* at 24–27, 29), and granted Petty's motion in part as to Mesika's claims for libel, trade libel, and false light based on statements that constituted protected opinion. (*Id.* at 21–24.) The Court denied the motion, however, as to Petty's statements "about the number of [Mesika's] patents and patent applications and statements about the substance of those patent applications" (*id.* at 19–20) because it found Petty's arguments regarding those statements



RANDAZZA | LEGAL GROUP

(substantial truth, public figure status, and lack of actual malice) could not be resolved on a Rule 12 (b)(6) motion. *Id*. at 15–21.

Because the Court granted Petty's Anti-SLAPP Motion in its entirety as to Mesika Magic and in significant part as to Yigal Mesika, Petty is entitled to an award of costs and attorneys' fees under Cal. Code Civ. Proc. § 425.16 (c)(1). The Court should award a total of $155,052.37 in fees, representing (1) half of all fees connected to the Anti-SLAPP Motion as attributable to Mesika Magic, as the motion was granted in its entirety as to that Plaintiff, and (2) a 19% reduction in the remaining half as attributable to Yigal Mesika to represent the incomplete success of the motion, which left about 19% of the claims alive. Though without any reduction for fees incurred in connection with this fee motion.

## 2.0 LEGAL STANDARD

State law governs when a fee award is based on a state fee-shifting statute. *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014). California uses the lodestar method to determine a reasonable award of attorneys' fees under its anti-SLAPP statute. *Bringmann v. Shakeshaft*, 2026 U.S. Dist. LEXIS 114573, *2 (C.D. Cal. Apr. 13, 2026) (citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (stating that "by its terms, Code of Civil Procedure section 425.16 permits the use of the so-called lodestar adjustment method under our long-standing precedents")). In a lodestar analysis, the court takes the number of hours the attorney should have



RANDAZZA | LEGAL GROUP

reasonably spent working on the case and multiplies it by a reasonable hourly rate. *Id.* (citing *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)). Once the court has fixed the lodestar amount, it may increase or decrease that amount by applying a positive or negative "multiplier" to take into account a variety of other factors, including '"(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award."' *Id.* at *2–3 (quoting *Ketchum,* 24 Cal. 4th at 1132). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1129 (9th Cir. 2008).

## 3.0 ARGUMENT

### 3.1 Attorneys' Fees Are Mandatory

The Court granted Petty's Anti-SLAPP Motion, which means that an award of attorneys' fees is mandatory. Cal. Code Civ. Proc. § 425.16 (c)(1); *Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011). Some of the work Petty's counsel performed in connection with the Anti-SLAPP Motion was directed at the First Amended Complaint ("FAC"), but that time is also compensable because "where work on an earlier anti-SLAPP motion 'overlap[s]' with work on a later anti-SLAPP motion, and is 'integral' to achieving success on



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

the later successful anti-SLAPP motion, the work on that earlier motion may also be recovered." *Ekorus, Inc. v. Elohim Epf United States*, 2020 U.S. Dist. LEXIS 122847, *3–4 (C.D. Cal. June 3, 2020) (quoting *Manufactured Home*, 655 F.3d at 1181). This is also the case where the prevailing movant performs work on an anti-SLAPP motion that is never filed because the complaint is amended. *Id.* at *4–5. While there were differences between the FAC and SAC, the work directed at the FAC substantially overlapped with and was integral to the work performed on the Anti-SLAPP Motion that was ultimately filed.

Petty is entitled to more than just fees incurred in drafting the Anti-SLAPP Motion itself. It is well-established that an award of Anti-SLAPP fees includes fees incurred after the motion is granted or, in this case, fully briefed, including fees incurred in bringing a motion for attorneys' fees. *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 21 (2006).

Petty acknowledges there are cases holding that a prevailing anti-SLAPP movant "may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). However, as this Court found in *Clifford v. Trump*, a fee award should encompass all work performed by the defense where an anti-SLAPP motion is directed at all claims asserted against that movant. 2018 U.S. Dist. LEXIS 211297, *9–10 (C.D. Cal. Dec. 11, 2018). Petty's Motion was directed at all claims asserted against him

in the SAC and was at least partially successful as to each claim. Accordingly, all fees Petty incurred in his defense, including initial strategy and planning work and seeking an extension of time to respond to the complaint, is compensable.

The Court correctly observed in its Order, however, that Petty is not entitled to recovery of all fees related to the anti-SLAPP Motion, as the Court did not grant the motion in its entirety. '"The fees awarded to a defendant who was only partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way.'" *Griffin v. Strauss*, 2024 U.S. Dist. LEXIS 28104, *18 (C.D. Cal. Jan. 3, 2024) (quoting *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 345 (Ct. App. 2006)).[1] A few statements from Mesika's claims for libel, trade libel, and false light survived, but these claims are a shadow of their former selves. Further, any reduction in the requested fees should apply only to Mr. Mesika personally, as the Court granted the Motion in its entirety as to Mesika Magic – that is a complete win, and thus should result in complete recovery of fees for that half of the case.

As there are two Plaintiffs and almost all arguments in the Anti-SLAPP Motion were equally applicable to both (except for the arguments on how none

---

[1] The court in *Griffin* noted it was not appropriate to reduce fees in connection with a fee motion on account of the partial success of an Anti-SLAPP motion, "as the partial success does not apply to these efforts." *Id.* at *19–20, 23–24. Petty will thus not apply a percentage reduction to work performed in connection with this fee motion or anticipated future fees related to the fee motion.



RANDAZZA | LEGAL GROUP

of Petty's statements were of and concerning Mesika Magic[2]), we start by determining the total lodestar figure for fees connected to the Anti-SLAPP Motion. As discussed in Section 3.2, *infra*, that figure is $167,495 (inclusive of an expected $15,000 in additional fees related to this motion). Half of that amount, or $83,747.50, is compensable from Mesika Magic without the need for any reductions, as Petty's Anti-SLAPP Motion was granted in its entirety as to Mesika Magic. Of the remaining half attributable to Yigal Mesika, Petty disclaims 19%[3] as related to aspects of the Motion that were not successful, but this disclaimer does not apply to work related to this fee motion and anticipated future fees connected to this motion.[4] Petty thus seeks $83,747.50 in fees from Mesika Magic and $71,304.87 in fees from Yigal Mesika.

---

[2] Petty anticipates Plaintiffs may argue that, because the Court found this argument was sufficient by itself to dismiss all of Mesika Magic's claims with prejudice, only fees attributable to that specific argument are recoverable against Mesika Magic. However, where an anti-SLAPP motion raises multiple arguments, not all of which the court finds are necessary to resolve the motion, the work performed in connection with those arguments is compensable. *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002) (awarding fees in connection with arguments on lack of personal jurisdiction and improper venue raised in successful anti-SLAPP motion, even though the court did not rule on such arguments).

[3] Petty reached this number by taking the fraction of surviving claims asserted against Petty in the SAC (3/8) and reducing that by half to account for the fact that roughly half of the three surviving claims are still intact. 3/16 is roughly 19%.

[4] All work performed in connection with the Anti-SLAPP Motion dealt with the same issues, and "expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Open Source Sec., Inc. v. Perens*, 2018 U.S. Dist. LEXIS 98169, *12 (N.D. Cal. June



RANDAZZA | LEGAL GROUP

### 3.2 The Attorneys' Fees Petty Incurred are Reasonable

To determine reasonable hourly rates, a court looks at the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. "The determination of the 'market rate' is generally based on the rates prevalent in the community where the court is located." *Syers Properties III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 700 (Cal. App. 1st Dist. 2014). In determining a reasonable rate, California courts often look to the Adjusted Laffey Matrix (**Exhibit 1**), for guidance and find rates consistent with the Laffey Matrix to be reasonable even when the actual fees charged were less. *Id.* at 700; *see Nemecek & Cole v. Horn*, 208 Cal. App. 4th 641, 650 (Cal. App. 2d Dist. 2012); *Syers Properties III, Inc.*, 226 Cal. App. 4th 691, 701–02 (2014).[5] Courts may consider several factors in determining a reasonable rate, "including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *Melnyk v. Robledo*, 64 Cal. App. 3d 618, 623–24 (Cal.

---

9, 2018). Rather than engage in the likely fruitless exercise of determining which specific time entries are attributable to the successful portions of the Anti-SLAPP Motion as to Mesika, it makes more sense to apply a percentage reduction to the lodestar figure to reflect the partial success of the motion as to him.

[5] Admittedly, courts in this Circuit have more recently expressed skepticism in using the Laffey Matrix. *See Abittan v. Hansen L. Firm, P.C.*, 2026 U.S. Dist. LEXIS 98355, *12–13 (N.D. Cal. May 4, 2026). Nevertheless, it is a useful data point.



RANDAZZA | LEGAL GROUP

App. 2d Dist. 1976). The terms of a fee contract may be considered, but "do not compel any particular award." *Vella v. Hudgins* 151 Cal. App. 3d 515, 520 (Cal. App. 2d Dist. 1984).

The hourly rates, hours billed, and total amount of fees billed by each timekeeper for which Petty seeks compensation are as follows:

| Timekeeper | Hourly Rate | Hours Billed | Amount of Fees |
|---|---|---|---|
| Marc J. Randazza | $1,000 | 53.6 | $53,000 |
| Alex J. Shepard | $750 | 108.5 | $78,555 |
| Cassidy Flavin | $200 | 15.7 | $3,140 |
| Danielle Darkenwald | $200 | 40.2 | $6,920 |
| Casey Spring | $200 | 42.1 | $7,880 |
| Leora Dumanlang | $200 | 8.5 | $1,640 |
| Kaylee Arcalas | $200 | 8.9 | $1,360 |
| **Totals:** | | **277.5** | **$152,495.00** |

Spreadsheet of billing entries, attached as **Exhibit 2**; Declaration of Marc J. Randazza ("Randazza Dec."), attached as **Exhibit 3**, at ¶ 7. The hours and fees shown in this table only reflect the hours for which Defendants seek compensation; they do not include discounts and reductions provided as a matter of billing discipline and the decision to remove multiple timekeepers who provided relatively minor amounts of work on this case.[6] Randazza Dec. at ¶¶ 8-9. $130,975 of these

[6] The excluded timekeepers are: attorneys Jay M. Wolman and Ronald D. Green; paralegals Aimee Nguyen and Rachel Sinclair; and law clerk Richard McLaren.



RANDAZZA | LEGAL GROUP

fees were incurred prior to performing work on this fee motion, meaning half of that amount ($65,487.50) is subject to a 19% reduction as to Yigal Mesika. $21,520 of these fees have been incurred in connection with preparing this fee motion, and thus are not subject to a partial-success reduction as to him. *Id.* at ¶ 10. Petty anticipates an additional $15,000 in fees for reviewing Plaintiffs' opposition to this fee motion, preparing a reply, and attending the hearing on it. *Id.* at ¶ 11. In addition to taxable costs, Petty incurred $1,765.15 in travel expenses. *Id.* at ¶ 31.

Accordingly, Petty seeks $83,747.50 in fees from Mesika Magic and $71,304.87 in fees from Yigal Mesika, for a total requested award of $155,052.37.

### 3.2.1 The hourly rates of Petty's attorneys are reasonable

#### 3.2.1.1 Experience of Petty's Attorneys

Marc Randazza's billing rate is $1,000/hour.[7] This rate is justified, as he is an attorney with 24 years of experience who specializes in First Amendment litigation and is licensed to practice in the states of Nevada, California, Arizona, Florida, and Massachusetts. *See* Randazza Dec. at ¶ 16. Mr. Randazza was instrumental in the passage of Nevada's 2013 Anti-SLAPP legislation and played a significant role in shaping the statute's 2015 amendments. *Id.* at ¶ 17; Senate Committee on Judiciary

[7] Per the Adjusted Laffey Matrix, a reasonable hourly rate for an attorney of Mr. Randazza's years of experience, not including his particular experience with defamation and anti-SLAPP cases, is $1,227. **Exhibit 1**.



RANDAZZA | LEGAL GROUP

Hearing on Nev. SB 286 (May 6, 2013), attached as **Exhibit 4**. When Nevada's Anti-SLAPP statute was amended in 2015, Randazza successfully led the lobbying effort to save the statute from repeal and was instrumental in crafting the language in the statute today. Randazza Dec. at ¶ 18; Minutes of Assembly Committee on Judiciary Hearing on SB 444 (April 24, 2015), attached as **Exhibit 5**, at 35–38.

Mr. Randazza is a nationally recognized expert on Anti-SLAPP legislation, defamation, and free speech issues, and has assisted the legislatures in Nevada, Pennsylvania, Ohio, New York, Massachusetts, New Hampshire, and Wyoming on Anti-SLAPP legislation. *See* Randazza Dec. at ¶ 19; *see also* video of public hearing on Pennsylvania Senate Bill 1095, April 23, 2014, at 32:30–43:47.[8] He is the author of Nevada Lawyer articles on the Anti-SLAPP statute. *See* Marc Randazza, "Nevada's New Anti-SLAPP Law: The Silver State Sets the Gold Standard," NEVADA LAWYER (Oct. 2013), attached as **Exhibit 6**; Marc Randazza, "Nevada's Anti-SLAPP Law Update," NEVADA LAWYER (Sept. 2016), attached as **Exhibit 7**. He has also published numerous other law review articles on free speech issues. *See curriculum vitae* of Marc Randazza, attached as **Exhibit 8**.

Randazza has been a commentator for both Fox News and CNN on Free Speech issues. *See* Randazza Dec. at ¶ 20. Mr. Randazza holds a JD from

[8] Available at: <http://judiciary.pasenategop.com/senate-bill-1095-slapp-suits/>



RANDAZZA | LEGAL GROUP

Georgetown University Law Center, a Masters in Mass Communications from the University of Florida (with a media law focus), and an international degree in the form of an LL.M. from the University of Turin, Italy, where he wrote and published a thesis on freedom of expression issues. *See* **Exhibit 8**; *see also* Marc J. Randazza, "Freedom of Expression and Morality-Based Impediments to the Enforcement of Intellectual Property Rights," 16 Nev. L.J., 107 (Jan. 15, 2016), attached as **Exhibit 9**. Mr. Randazza has been a practicing attorney for over 24 years. *See* Randazza Dec. at ¶ 22. Mr. Randazza has taught First Amendment law at the law school level. *See* Randazza Dec. at ¶ 23; **Exhibit 8**. And he gives presentations to attorneys in CLE courses on how to handle Anti-SLAPP litigation. *See id* at ¶ 24. Former senator Justin Jones described Mr. Randazza as "one of the preeminent experts on the issue" of Anti-SLAPP litigation. *See* **Exhibit 5** at 3.

Attorney Alex J. Shepard's rate is $750 per hour.[9] He earned his JD from Washington University School of Law, is licensed to practice in Nevada, California, and Washington, and has over 12 years of experience, having spent almost his entire career working on defamation and anti-SLAPP cases. Randazza Decl. at ¶ 25. In addition to litigating dozens of defamation and anti-SLAPP cases, he has done the

[9] Per the Adjusted Laffey Matrix, a reasonable hourly rate for an attorney of Mr. Shepard's years of experience, not including his particular experience with defamation and anti-SLAPP cases, is $1,019. **Exhibit 1**.



RANDAZZA | LEGAL GROUP

majority of work on multiple updates for the Media Law Resource Center's annual media privacy and libel surveys. *Id*. He has also been interviewed on issues of defamation and Anti-SLAPP law. *Id*.; Spencer Cornelia, "I'm Being Sued By a Fake Guru for $2 MILLION," YouTube (May 15, 2023).[10] His rate is thus justified.

Cassidy Flavin, Danielle Darkenwald, Casey Spring, Leora Dumanlang, and Kaylee Arcalas all have a billing rate of $200 per hour. They are or were paralegals with varying levels of experience. Randazza Decl. at ¶¶ 26-30.

**3.2.1.2** Rates in Other Cases

Other courts have found rates similar to those sought here to be reasonable. Six years ago, in *Guo v. Cheng*, another anti-SLAPP case, a Nevada state court found hourly rates of $800, $550, and $450 for attorneys Randazza, Green, and Shepard,[11] respectively, to be reasonable, as well as $200 per hour for law clerks and $175 per hour for paralegals. *See* order on fee motion in *Guo v. Cheng*, No. A-18-779172-C (Eighth Jud. Dist. Ct., June 5, 2020), attached as **Exhibit 10**, at 2–4 (recognizing Randazza as "a nationally recognized expert on Anti-SLAPP legislation and free speech issues, has assisted the judiciary committees in both Nevada and Pennsylvania on Anti-SLAPP legislation, has also published numerous

[10] Available at: https://www.youtube.com/watch?v=EkrwBYl2hiI.

[11] Attorney Shepard was still an associate at that point. He is now a partner, and his hourly rate is justifiably higher.



RANDAZZA | LEGAL GROUP

other law review articles on free speech issues," and has been a commentator on Fox News and CNN on free speech and First Amendment issues). The court's final award in favor of the moving defendant in that case was $196,940.39 ($184,955.55 in fees, $1,984.84 in costs, and $10,000.00 in sanctions), *see id.*, with a subsequent award for post-judgment work in the amount of $68,800. *See* Feb. 8, 2021, fee award, attached as **Exhibit 11**. Those same rates were again recognized by the Eighth Judicial District Court in December 2020. *See* Decision and Order in *Las Vegas Resort Holdings, LLC v. Roeben*, No. A-20-819171-C (Eighth Jud. Dist. Ct., Dec. 30, 2020), attached as **Exhibit 12**.

Additionally, the Eighth Judicial District Court previously awarded hourly rates in the amount of $650 for Mr. Randazza, $500 for Mr. Green, $350 for Mr. Shepard, $200 for law clerks, and $175 for RLG's paralegals. *See* Order on fee motion in *Lazer v. Williams*, No. A-19-797156-C (Nev. Dist. Ct. Feb. 17, 2022), attached as **Exhibit 13**. And a decade ago, the Eighth Judicial District Court found hourly rates similar to those sought here to be reasonable and awarded $40,852.58 in attorneys' fees to a prevailing party in a case involving much simpler legal and factual issues. *See* fee order in *iQTAXX, LLC v. Boling*, No. A-15-728426-C, 2016 BL 154334 (Nev. Dist. Ct. May 10, 2016) (finding hourly rates of $650 for Mr. Randazza, $500 for Mr. Green, and $325 for Mr. Shepard to be reasonable), attached as **Exhibit 14**.



RANDAZZA | LEGAL GROUP

Courts in other Districts have also found the hourly rates of Defendants' counsel to be reasonable. The court in *Tobinick v. Novella*, 207 F. Supp. 3d 1332 (S.D. Fla. 2016) approved of hourly rates for attorneys similar to those sought here,[12] and ultimately awarded $223,598.75 to the defendant for fees in connection with the plaintiff's Lanham Act claims that were defamation claims in disguise.

Various federal courts throughout California have also found rates similar to or higher than those sought here to be reasonable in anti-SLAPP cases. Over a decade ago, the court in *Wynn v. Chanos*, 2015 U.S. Dist. LEXIS 80062, *6 (N.D. Cal. June 19, 2015) found it was reasonable for the defendant's attorneys to charge an hourly rate between $1,035 and $1,085 despite their lack of specialized experience in defamation law. Randazza's rate of $1,000 per hour is in line with this amount found reasonable by less-experienced counsel 11 years ago. Randazza's rate is much more reasonable given his particular experience in defamation and anti-SLAPP cases. The *Chanos* court additionally found that associate attorney rates of $570 to $710 per hour (for associates with four and six years of experience, respectively) were reasonable. Mr. Shepard's rate of $750 per hour, particularly when adjusting for inflation, is extremely reasonable by comparison. And in another anti-SLAPP defamation case, the court in *Herring*

[12] The defendant in that matter sought rates of $650/hour for Mr. Randazza, $325/hour for Mr. Shepard, and $180/hour for paralegal time.



RANDAZZA | LEGAL GROUP

*Networks, Inc. Maddow*, 2021 U.S. Dist. LEXIS 23163, *19–20, 23 (S.D. Cal. Feb. 5, 2021), approved of $1,150 and $1,050 per hour for two partners for work billed on an anti-SLAPP motion even though it noted the defamation issues at play were "not complex." And the court in *Griffin v. Strauss*, 2024 U.S. Dist. LEXIS 28104 at *13–14, found that rates of up to $1,100 in an anti-SLAPP case were reasonable even when the anti-SLAPP motion was only partially successful. *See also Tracy Anderson Mind & Body, LLC v. Roup*, 2023 U.S. Dist. LEXIS 189055, *8 (C.D. Cal. Sept. 11, 2023) (awarding rate of $1,065 for partner in anti-SLAPP case); *Mogan v. Sacks, Ricketts & Case LLP*, 2022 U.S. Dist. LEXIS 83681, *5–6 (N.D. Cal. May 9, 2022), *aff'd*, 2023 U.S. App. LEXIS 9165 (9th Cir. Apr. 18, 2023) (approving rate of $1,015.75 for partner with six years of litigation experience).

More generally, California federal courts in other types of matters have found similar or higher rates to be reasonable. *See Minjie Zheng v. Internet Corp. for Assigned Names & Nos.*, 813 F. Supp. 3d 1135, 1143 (C.D. Cal. 2025) (finding hourly rates between $1,000 to $1,250 per hour for partners reasonable); *N.T.A.A. (No Talk Action), Inc. v. Nordstrom, Inc.*, 2024 U.S. Dist. LEXIS 72914, *13–14 (C.D. Cal. Apr. 19, 2024) (finding hourly rates ranging from $1,160 to $1,370 reasonable); *Hope Med. Enterprises, Inc. v. Fagron Compounding Serv., LLC*, 2022

RANDAZZA | LEGAL GROUP

U.S. Dist. LEXIS 49151, *7 (C.D. Cal. Mar. 14, 2022)[13] (finding rates of $870 to $1,295 for partners reasonable); *AK Futures LLC v. Smoke Tokes, LLC*, 2022 U.S. Dist. LEXIS 151207, *4–5 (C.D. Cal. Jan. 13, 2022) (finding rate of $1,137.50 for a partner reasonable given his expertise in intellectual property); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 600–01 (N.D. Cal. Nov. 4, 2020) (finding rates up to $1,275/hour for partners reasonable); *Dickey v. Advanced Micro Devices, Inc.*, 2020 U.S. Dist. LEXIS 30440, *22–23 (N.D. Cal. Feb. 21, 2020) (finding rates up to $1,000/hour for partners reasonable); *Scripsamerica, Inc. v. Ironridge Global LLC*, 2016 U.S. Dist. LEXIS 203010, *13–5 (C.D. Cal. Jan. 12, 2016) (finding partner rate of $950/hour reasonable).

**3.2.2 The number of hours worked is reasonable**

"[C]ounsel for prevailing parties should be paid, as is traditional for attorneys compensated by a fee-paying client, 'for all time reasonable expended on a matter.'" *Harman v. City and County of San Francisco*, 136 Cal. App. 4th 1279, 1310 (Cal. App. 1st Dist. 2006) (*citing Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988)). A party opposing a fee request on the basis that the number of hours worked is unreasonable has the burden "to point to the

[13] This was reversed at the Ninth Circuit, 2023 U.S. App. LEXIS 19072 (July 26, 2023). While the Ninth Circuit reversed the award of fees, it did so because it reversed the order entitling the movant to fees, not because it found a defect in the determination of reasonable fees.



RANDAZZA | LEGAL GROUP

specific items challenged, with a sufficient argument and citations to the evidence. General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Ass'n*, 163 Cal. App. 4th 560, 564 (2008).

While some of Plaintiffs' claims were obviously meritless or could be disposed of on narrow grounds, fully addressing all claims in the anti-SLAPP Motion took significant time and skill. Plaintiffs brought 8 causes of action against Petty primarily based on a video over three hours in length. Petty's counsel had to review the entire video to accurately convey the context of the complained-of statements (which Plaintiffs identified in a confusing manner by noting some in the body of the SAC, others in a "falsity chart" attached to the SAC, and others still in a partial transcript also attached to the SAC), and also to ensure whether the SAC's frequent paraphrasing of and partial quotations from the video were accurate.[14]

RLG was retained prior to the filing of the SAC, meaning Petty's counsel had to review two version of the complaint (three if we include the rogue Second Amended Complaint at ECF No. 37). The FAC was 109 pages including exhibits,

[14] For example, the SAC alleges Petty called Mesika a "patent troll," a "patent terrorist," and a "magic terrorist." ECF No. 43 at ¶¶ 50–51. However, these were the statements of third party Sean Bogunia, not Petty, and no one in the video uttered the phrase "patent terrorist." ECF No. 50 at 25 n.9 (citing Desolation Video at 2:29:48–2:29:57).



RANDAZZA | LEGAL GROUP

while the SAC was 54 pages with **553 pages** of exhibits. Due to Plaintiffs and their counsel being deliberately obtuse and evasive regarding purported service on Petty and failing to provide the common courtesy of an extension of time to respond to the FAC (without telling Petty that Plaintiffs intended to amend it), Petty was also required to file an opposed motion for extension of time that should have been unnecessary. ECF Nos. 33, 36, 39.

Beyond that, Petty had to spend considerable time preparing dozens of exhibits to demonstrate Yigal Mesika's public figure status, submitted through a request for judicial notice ("RJN"). ECF No. 51. Plaintiffs filed a 14-page opposition to the RJN, raising several meritless arguments regarding authenticity and admissibility as to each individual exhibit (ECF No. 56), which required Petty's counsel to spend additional time addressing each argument and re-creating each exhibit that Plaintiffs claimed were defective (ECF No. 58). Petty also had to brief the threshold issue of whether and to what extent this evidence could be considered on a Rule 12 (b)(6) motion, which the Court spent significant time addressing in its Order. ECF No. 68 at 15–19. While the Court ultimately found it could not conclude that Mesika was a public figure for purposes of the relevant controversy on a 12 (b)(6) motion, this was far from an obvious outcome, and all the evidence presented by Petty will be relevant to proving public figure status in a subsequent anti-SLAPP motion under Fed. R. Civ. P. 56.



RANDAZZA | LEGAL GROUP

All this work resulted in all of Mesika Magic's claims and more than half of Mesika's claims being dismissed with prejudice, and only a handful of discrete statements remaining as the basis for Mesika's libel, trade libel, and false light claims. The scope of the case has been narrowed drastically and Petty obtained a mandatory entitlement to attorneys' fees. The results of RLG's representation show that the number of hours worked is reasonable.

RLG also exercised significant billing discipline. This case was staffed by two attorneys, Marc J. Randazza and Alex J. Shepard, with the majority of substantive work performed by attorney Mr. Shepard, who bills at a lower rate than Mr. Randazza. Randazza Dec. at ¶ 13. The work related to assembling the exhibits and authenticating declarations for the RJN was primarily performed by paralegals who bill at much lower rates. *Id*.

Finally, RLG is a small, First Amendment boutique firm that cannot take on a large volume of clients. *Id*. at ¶ 14. Representing Petty in this matter has precluded RLG from taking on other paying clients. *Id*. This strain on RLG further supports the reasonableness of the requested fee award. *Ketchum*, 24 Cal. 4th at 1132.

**4.0 CONCLUSION**

Defendant Craig Petty largely prevailed on his Anti-SLAPP Motion and significantly narrowed the scope of Plaintiff Yigal Mesika's remaining claims. Obtaining this result required significant time, skill, and experience. The Court



RANDAZZA | LEGAL GROUP

should thus award Petty $155,052.37 in attorneys' fees, comprised of: (1) 50% of the total lodestar amount as attributable to Plaintiff Mesika Magic, all of whose claims were dismissed with prejudice; (2) as to the remaining half, all fees incurred and anticipated in connection with this fee motion, and 81% of the fees incurred in connection with preparing the Anti-SLAPP Motion. Petty also requests an award of $1,765.15 in non-taxable costs.

Dated: August 28, 2026

Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Marc J. Randazza

Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W Flamingo Rd., Suite B
Las Vegas, NV 89147

*Attorneys for Defendant*
*Craig Petty*

RANDAZZA | LEGAL GROUP

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Craig Petty, certifies that this brief contains 5,512 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP

Case No. 2:25-cv-07943-MWF-MBK

**CERTIFICATE OF SERVICE**

I CERTIFY that on August 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notice of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP